IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03414-PAB-KLM

MICHAEL SWANSEGAR,

    Plaintiff,

v.

GLOBAL HEALTHCARE EXCHANGE, LLC,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on plaintiff's motion to remand [Docket No. 9]. Defendant Global Healthcare Exchange, LLC ("GHX") removed this action to this Court on December 30, 2011.  See Docket No. 1.  Plaintiff contends that this Court does not have subject matter jurisdiction over this case in which he seeks unpaid wages.

    It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  GHX contends that plaintiff's first claim for relief arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and, therefore, this Court could exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331.  The Court agrees.

    Plaintiff alleges that he "routinely worked in excess of 40 hours per week," "was not an exempt employee as the same is defined by the Fair Labor Standards Act," and "was not paid the required overtime for the hours he worked in excess of 12 in one day


or 40 in one week." Docket No. 2 at 3, ¶¶ 19-20, 22; *see Schneider v. Landvest Corp.*, No. 03-cv-02474-WYD-PAC, 2006 WL 322590, at *20 (D. Colo. Feb. 9, 2006) ("The Fair Labor Standards Act . . . generally requires that nonexempt employees be paid their regular rate of pay and overtime at 'one and-one-half times the regular rate' at which they are employed for hours worked in excess of forty hours per week.") (quoting 29 U.S.C. § 207(a)).  In his first claim for relief, plaintiff contends that GHX breached an implied contract.  Plaintiff, however, also alleges that GHX failed to pay him amounts required by law.  *See* Docket No. 2 at 3, ¶ 27 ("[D]efendant implicitly contracted with plaintiff to pay the agreed upon amount of wages, plus any amounts required by law, for all hours worked.").  As noted above, one such law cited by plaintiff is the FLSA.[1]  It is therefore unnecessary to determine whether plaintiff's implied contract allegations are governed by the FLSA because plaintiff explicitly invokes, and seeks the protection of, the FLSA in his complaint.  Consequently, it is

    **ORDERED** that plaintiff's motion to remand [Docket No. 9] is DENIED.

    DATED April 26, 2012.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge

---

[1] In his second claim for relief, plaintiff invokes a Colorado statute in support of recovering unpaid wages.